UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHNNIE AMES,

                Plaintiff,

v.                                         Case No. 17-cv-458-pp

KENOSHA COUNTY CORRECTIONAL
HEALTH SERVICES, and
CORRECTIONAL HEALTH DEPARTMENT HSU,

                Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT ON OR BEFORE JULY 27, 2018**

---

        The plaintiff, Johnnie Ames, was an inmate at the Kenosha County Detention Center when he filed a complaint under 42 U.S.C. §1983, dkt. no. 1, along with a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2. He since has been released.

**I.     Motion for Leave to Proceed without Prepayment of the Filing Fee (Dkt. No. 2)**

        The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA provides that a court may allow an incarcerated plaintiff to proceed with his lawsuit without prepaying the case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b).

On March 30, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $11.50. Dkt. No. 5. The court received the fee on May 5, 2017. Accordingly, the court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee. The court will require the plaintiff to pay the remainder of the filing fee over time as set forth at the end of this decision.

## II. Screening the Plaintiff's Complaint

### A. Standard for Screening Complaints

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint that offers mere "labels and conclusions," howeer, or a "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

To state a claim that his civil rights were violated under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B. Facts Alleged in the Complaint

The plaintiff alleges that on November 4, 2016, he was taken into custody. Dkt. No. 1 at 2. While in custody, he was seen by the Kenosha County Detention Center medical staff, who asked the plaintiff about his medical needs and what pharmacy he used. Id. The plaintiff provided that information to the

3

nurse practitioner. On November 9, 2016, the plaintiff asked the nursing staff how he would receive his medications. Id.

On November 14, 2016, the plaintiff submitted a medical request asking to receive his medication for his blood pressure, neuropathy, aneurysms, and high cholesterol. Id. The next day, the plaintiff submitted another medical request because he was having problems going to the bathroom. Id. at 2-3. Three days after that, the plaintiff submitted a medical request asking to see the doctor about getting his medications. Id. at 3.

The plaintiff describes an interaction with a nurse during sick call on November 21, 2016. Id. When the plaintiff asked the nurse for her name, she replied, "Nurse." Id. She had her name tag on backward. Id. The nurse practitioner saw him that day, and told him she would order his medication. Id.

On November 25, 2016, the plaintiff submitted a medical request because his legs were swollen. Id. He submitted another request on November 30, 2016, because his socks were hurting his feet and rubbing his flipflops, and another on December 4, 2016, because his feet were swollen. Id.

As relief, the plaintiff asked that he receive the right medication. Id. at 8. He also seeks monetary damages and one year of health insurance from the company of his choice. Id.

    C.    <u>Legal Analysis of the Allegations in the Complaint</u>

The plaintiff does not explain whether he was in the Kenosha County Detention Center as a convicted prisoner, or as a pretrial detainee. If he was a convicted prisoner, he might be trying to state a claim that his right to medical

care under the Eighth Amendment was violated. If he was a pretrial detainee, his claim would arise under the Fourteenth Amendment. See Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011) (quoting Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 828 (7th Cir. 2009); see also, Estelle v. Gamble, 429 U.S. 97, 103 [1976]). One way or the other, it appears that the plaintiff is alleging that he had serious medical needs, and that someone at KCDC was deliberately indifferent to those needs.

But the plaintiff hasn't sued any employees at KCDC. He has sued the Kenosha County Correctional Health Service and Correctional Health Department "HSU" (health services unit). Dkt. No. 1 at 1. Section 1983 allows a plaintiff to sue a "person" who violates his civil rights while acting under color of state law. The organizations that the plaintiff has sued are not "persons." They are divisions, or "arms," of Kenosha County. Fed. R. Civ. P. 17(b) says that a plaintiff's ability to sue an organization is governed by state law—in this case, by Wisconsin law. Courts have held that under Wisconsin law, organizations that are part of county government, not separate entities, can't be sued under §1983. See, *e.g.* Whiting v. Marathon Cty. Sheriff's Dept., 382 F.3d 700, 704 (7th Cir. 2004); Buchanan v. City of Kenosha, 57 F. Supp. 2d 675, 678 (E.D. Wis. 1999); Abraham v. Piechowski, 13 F. Supp.2d 870 (E.D. Wis. 1998).

A plaintiff may state a claim against a municipality, such as Kenosha County, under §1983, but only if the alleged constitutional violation was the result of a municipal policy or practice. Palka v. Shelton, 623 F.3d 447, 455

(7th Cir. 2010) (citing Christensen v. County of Boone, 483 F.3d 454, 465 (7th Cir. 2007)). The plaintiff has not alleged that he was denied proper medical care because of some policy or practice of Kenosha County.

In order to sue for denial of proper medical care under §1983, the plaintiff must sue the specific individuals who he believes were deliberately indifferent to his serious medical needs. Even if he does not know their names, the plaintiff may identify them as Nurse 1 or Nurse Practitioner 2, and provide detailed descriptions of his encounters with them (what they looked like, when they were working, what time of day he saw them). If the plaintiff specifically identifies individuals in this way, the court can then allow the plaintiff to use discovery requests to find out their names. If the plaintiff wants to proceed with this case, then, he needs to file an amended complaint, identifying (even by descriptions like "Nurse #1) the specific individuals whom he believes violated his constitutional rights.

The court will require the plaintiff to file his amended complaint in time for the court to receive it by the end of the day on **Friday, July 27, 2018**. If the court does not receive an amended complaint from the plaintiff by the end of the day on July 27, 2018, the court will assume that he no longer wishes to pursue his claims, and will dismiss this case based on his failure to diligently pursue it. See Civil L.R. 41(c).

If the plaintiff decides to file the amended complaint, he must use the court's complaint form (like he did last time); the court is enclosing a blank one for him to use. He should write the word "Amended" in front of the word

6

"Complaint" on the first page. He should put the case number of this case—17-cv-458—on the line under the words "Case Number:" on the first page. The amended complaint will take the place of the plaintiff's first complaint, so he should include any and all facts that he wants the court to consider. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). The plaintiff does not have to include case law in his complaint; all he needs to do is identify each person he wants to sue, and explain what that person did to violate his rights. If the plaintiff files an amended complaint by the July 27, 2018 deadline, the court will screen it under 28 U.S.C. § 1915A.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff may file an amended complaint in time for the court to receive it by the end of the day on **Friday, July 27, 2018**. If the court does not receive an amended complaint by that deadline, the court will dismiss this case based on the plaintiff's failure to diligently pursue it.

The court **ORDERS** that the plaintiff shall pay the $338.50 remaining balance of the filing fee. He should submit his payments to the Clerk of Court. He must clearly identify the payments by the case name and number at the top of this complaint.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he doesn't file his amended complaint, or take other court-ordered actions, by the deadlines the court sets, the court may dismiss his case for failure to prosecute.

Dated in Milwaukee, Wisconsin this 13th day of June, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**